UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAMEON   DALEY** | **:** | **DOCKET NO. 10-CV-0021** |
| **FED. REG. #03558-017** | | **SECTION P** |
| | | |
| **VS.** | **:** | **JUDGE MINALDI** |
| | | |
| **J.P. YOUNG** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the *pro se habeas corpus* petition filed pursuant to 28 U.S.C. §2241 on January 5, 2010 by petitioner Dameon Daley.   Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is currently incarcerated at USP-Lewisburg (USPL), Lewisburg, Pennsylvania.  However, at the time of filing this petition, he was incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO), and he complains about events that occurred when he was incarcerated at FCIO.[1]   Petitioner names FCIO Warden J.P. Young as the defendant herein.  He complains that his due process rights were violated on May 28, 2009, and on July 23, 2009, when he was convicted of a prison disciplinary violation.   Petitioner also complains that he is being punished for things that he has already been punished for; that he has been subjected to discrimination; and that placement in the "SHU" subjects him to undue hardships.   Petitioner does not make a claim for relief.

---

[1] Jurisdiction must be judged as of the time a petition is filed.  *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir.2001) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).   Since petitioner was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper.   *See id.*; 28 U.S.C. § 2241(d).

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §2241 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE**.

### *Statement of the Case*

Petitioner claims that his due process rights were violated on May 28, 2009, during a "SHU" placement hearing wherein defendant deviated from the procedural guidelines. He also alleges that his due process rights were again violated on July 23, 2009, when he was approved for placement in continued, long-term disciplinary confinement without a prior meaningful review. Petitioner further states that the information that defendant relied on to obtain a May 18, 2009, "SHU" placement referral did not exist and that the reasons for placing him in the "SHU" were based on the same incident reports for which he had already been punished. Additionally, he complains that his placement in the "SHU" subjects him to undue hardships. Finally, petitioner contends that he has experienced discrimination in that similarly situated inmates were not subjected to the same treatment that he was.

### *Law and Analysis*

Petitioner contends that his placement and detention in the SHU violates his due process rights and that he was the victim of discrimination. He seeks *habeas corpus* relief pursuant to the provisions of 28 U.S.C. §2241. However, petitioner can utilize *habeas corpus* proceedings only if he is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *see also Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987). If "a favorable determination would not automatically entitle [the prisoner] to accelerated release" from custody he may not utilize *habeas corpus* procedures and must instead vindicate his rights through a

properly filed civil rights proceeding. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)). Here, petitioner does not seek the restoration of erroneously forfeited good time credits[2] and, therefore, a favorable determination on his claims would not result in an accelerated release from custody. Instead petitioner maintains that he is wrongfully confined in SHU and has been subjected to discrimination. As such, his petition attacks the conditions of confinement and not the fact or duration of confinement.

Attacks on conditions of confinement are not cognizable in a *habeas* petition. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) (quoting *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)) ("The core issue in determining whether a prisoner must pursue *habeas corpus* relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement.").

Since success in this proceeding would not entitle petitioner to accelerated release, he is not entitled to relief pursuant to 28 U.S.C. §2241. In other words, since petitioner's placement in administrative segregation, in itself, has had no effect on the duration of his confinement he is not entitled to *habeas* relief. *Cf. Dixon v. Hastings*, 202 Fed. Appx. 750 (5th Cir. 2006).

---

[2] Of course, if petitioner's good time credits were wrongly forfeited in a prison disciplinary proceeding, *habeas corpus* would be the appropriate method of attacking the proceedings and obtaining the restoration of good time credits and thus a speedier release from custody. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). However, petitioner is advised, exhaustion of administrative remedies must be accomplished before petitioner files such a petition in the District Court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Based upon the facts alleged thus far, it does not appear that petitioner lost any good time credits as a result of the disciplinary proceeding complained of herein. Further, it does not appear that petitioner completed the three-step administrative remedies process utilized by the Bureau of Prisons.

Instead, a civil rights action[3] provides the appropriate vehicle to attack these allegedly unconstitutional conditions of confinement. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987); *Preiser*, 411 U.S. at 498. The undersigned, however, is reluctant to construe the petition as asserting a civil rights claim. Allowing petitioner to prosecute this action based on the payment of the $5.00 *habeas corpus* filing fee instead of the $350.00 filing fee applicable to civil rights actions would allow petitioner to circumvent the filing fee requirements of the Prison Litigation Reform Act, 110 Stat. 1321-66, as amended, 42 U.S.C. § 1997e(a). Accordingly, petitioner's claims regarding the conditions of his confinement should be dismissed without prejudice to his ability to pursue such claims by filing the appropriate action.[4]

---

[3] Since petitioner complains about the deprivation of rights at the hands of federal and not state actors, his cause of action would be authorized by *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[4] It is not entirely clear that petitioner could succeed on his due process claim even if he filed the appropriate cause of action. This is so because, "[t]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472 (1995). A prisoner's due process rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Thus, relying on *Sandin*, the Fifth Circuit has found that "'administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest.'" *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)). The Fifth Circuit has also rejected a prisoner's claim that the additional restrictions imposed on those in administrative segregation violate due process. *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (noting that, absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest). In other words, when a prisoner is lawfully incarcerated, he loses, by virtue of his confinement, many of the rights and privileges that most citizens enjoy. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Thus, "mere changes in the conditions of confinement . . . do not implicate due process concerns." *Id.* at 768. Furthermore, petitioner is cautioned that before he may proceed with such a civil rights complaint alleging Fifth or Eighth Amendment violations, he would be required, pursuant to the provisions of 42 U.S.C. §1997e to exhaust the administrative remedies provided by the Bureau of Prisons.

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14)days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed, in chambers, Lake Charles, Louisiana December 6, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE